UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| Amy Connelly, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:20-cv-00064 |
| v. | ) | |
| | ) | |
| City of St. Albans, Vermont, | ) | |
| Gary Taylor, *individually and in his* | ) | |
| *official capacity as Chief of Police for* | ) | |
| *the City of St. Albans, Vermont,* | ) | |
| Jason Lawton, Zachary Koch, and | ) | |
| Michael Ferguson, *individually and in* | ) | |
| *their capacities as police officer for* | ) | |
| *the City of St. Albans, Vermont,* | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
MICHAEL FERGUSON'S MOTION FOR SUMMARY JUDGMENT**

 Defendant Michael Ferguson, by and through his attorneys, Monaghan Safar Ducham, PLLC, hereby submits this Memorandum of Law in Support of Defendant Michael Ferguson's Motion for Summary Judgment.

## I. INTRODUCTION

 Plaintiff filed a Complaint on May 4, 2020, naming as defendants the City of St. Albans, Vermont (the "City"), former Chief of Police for the City of St. Albans Police Department ("SAPD") Gary Taylor, former SAPD Sergeant Jason Lawton ("Sgt. Lawton"), former SAPD Officer Zachary Koch ("Officer Koch"), and former SAPD Officer Michael Ferguson ("Officer Ferguson").  Plaintiff named each of the individuals in their individual capacities and in their official capacities as officers of the SAPD.  Plaintiff alleges that she suffered injuries as a result of her treatment by Defendants during the course of her arrest on March 14, 2019.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



As to Officer Ferguson, Plaintiff's Complaint can be read to allege six causes of action: failure to intervene (Count I, Complaint ¶ 15), excessive use of force (Count I, Compl. ¶ 20), assault (Count II, Compl. ¶ 37), battery (Count III, Compl. ¶ 40), intentional infliction of emotional distress (Count IV, Compl. ¶ 43), and gross negligence (Count V, Compl. ¶ 47).

Officer Ferguson was not present in the holding cell at the time of the alleged contact between Sgt. Lawton and Plaintiff.  As demonstrated by sworn statements and multiple videos taken at the time, this is an undisputed, and undisputable, fact. The entire duration of contact between SAPD officers and Plaintiff, as recorded on multiple different cameras, was 16 seconds.  Officer Ferguson was down the hall, in the patrol room, and at a computer when contact between Sgt. Lawton and Ms. Connelly initiated.  Officer Ferguson heard a commotion, and moved quickly to the holding cell, but only arrived outside of the holding cell approximately three seconds before Sgt. Lawton and Officer Koch escorted Plaintiff to the floor in a controlled takedown.  Officer Ferguson had no knowledge of any contact between Sgt. Lawton and Ms. Connelly prior to the controlled takedown, and had no reason to know that the other officers would perform a controlled takedown of Ms. Connelly just seconds after he was close enough to witness.

While the camera footage confirms that Officer Ferguson was not present until approximately three seconds before other officers performed a takedown of Plaintiff and further proof is unnecessary, Plaintiff is deemed to have admitted the underlying facts by failing to respond Officer Ferguson's Requests for Admission regarding the same.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



Because Officer Ferguson was not present, he did not – and could not have – committed any assault or battery.  He did not – and could not have – used excessive force.  Officer Ferguson, who was without notice and not immediately present, had no notice and no opportunity to intervene on Plaintiff's behalf.  Officer Ferguson's conduct could not have been outrageous or grossly negligent, as he was not present for any alleged tortious conduct, and he had no notice or knowledge of the same.  As such, Officer Ferguson is entitled to judgment as a matter of law on all Counts.

Additionally, Officer Ferguson is entitled to judgment as a matter of law on all counts on the basis of qualified immunity.

## II.    RELEVANT PROCEDURAL HISTORY

Following the filing of Plaintiff's Complaint, Officer Ferguson filed an Answer on September 29, 2020.  *See* ECF Doc. 9.  Counsel to Officer Ferguson and counsel to Plaintiff conducted a Rule 26(f) planning meeting, and filed a Report of the Parties Rule 26(f) Planning Meeting on February 9, 2021.  *See* ECF Doc. 14.  Officer Ferguson and Plaintiff submitted a proposed Stipulated Discovery and Pleading Schedule/Order, which the Court entered on February 10, 2021.  *See* ECF Doc. 15.  The parties exchanged initial disclosures on February 23, 2021, and exchanged written discovery requests on March 23, 2021.  *See* ECF Docs. 16-19.  Officer Ferguson responded to Plaintiff's written discovery requests on April 22, 2021, which responses included all relevant video footage, *see* ECF Doc. 20, and served Defendant Michael Ferguson's First Requests for Admission on May 6, 2021 (hereinafter "Ferguson's Requests for Admission").  *See* ECF Doc. 21.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



To date, Plaintiff has not responded to either Defendant Michael Ferguson's Interrogatories and First Requests for the Production of Documents or Ferguson's Requests for Admission.

## III.   LEGAL STANDARDS

### A.     Standard of Review on a Motion for Summary Judgment.

Summary judgment is appropriate when the record shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A fact is 'material' . . . when in 'might affect the outcome of the suit under governing law,' and '[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("Factual disputes that are irrelevant or unnecessary will not be counted.")); *see also Prive v. Wells*, No. 5:13-cv-320, 2015 WL 1257524, 6 (D. Vt. Mar. 17, 2015) (citing same).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists and must "identify[ ] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation marks omitted); *see also Burwell v. Peyton*, 131 F. Supp. 3d 268, 291 (D. Vt. 2015), *on reconsideration in part*, No. 5:12-cv-166, 2015 WL 6874250 (D. Vt. Nov. 9, 2015), *and aff'd sub nom. Burwell v. Moody*, 670, F. App'x 734 (2d Cir. 2016).  "Once the moving party



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



300000-00161

demonstrates that there are no genuine issues of material fact, the nonmoving party must come forth with evidence sufficient to allow a reasonable jury to find in [its] favor." *Davis v. Koffee Kup Bakery, Inc.*, No. 2:15-cv-152, 2016 WL 4411399, *5 (D. Vt. Aug. 18, 2016) (quoting *Spinelli v. City of New York*, 579 F.3d 160, 166 (2d Cir. 2009)).

"If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004) (internal quotation marks omitted).

### B.    Qualified Immunity.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012).  A clearly established right is sufficiently clear when "every reasonable official would have understood that what he is doing violates that right." *Id.*  Supreme Court and Second Circuit authority "do[ ] not require a case directly on point for a right to be clearly established, [however] existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, -- U.S.--, 138 S. Ct. 1148, 1152 (2018) (per curiam) (internal quotation marks omitted) (citing *White v. Pauly*, -- U.S. --, 137 S. Ct. 548, 551 (2017); *see also Brown v. City of New York*, 862 F.3d 182, 190 (2d Cir. 2017) (stating "[c]ontrolling authority serves to put official on notice of what is unlawful").  "[S]pecificity is especially important in the Fourth Amendment context, where the [Supreme] Court has recognized that



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 308 (2015) (per curiam) (internal quotation marks omitted).  A defendant police officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."  *Plumhoff v. Rickard*, 572 U.S. 765, 778-79, 134 S. Ct. 2012, 2023 (2014).

### C.    Failure to Respond to Requests to Admit.

According to Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1). . . ."  Fed. R. Civ. P. 36(a)(1).  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  *Id.* at 36(a)(3).  A District Court may rely on matters deemed admitted under Rule 36(a)(3) in granting a summary judgment motion.  *See S.E.C. v. Dynasty Fund, Ltd.*, 121 Fed. App'x. 410, 412 (2d Cir. 2005) (affirming district court decision granting summary judgment in reliance upon requests to admit deemed admitted).

### IV.    UNDISPUTED FACTS

The following facts are set forth in the accompanying Statement of Undisputed Material Facts in Support of Defendant Michael Ferguson's Motion for Summary Judgment ("SUMF"):



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



1.      On March 14, 2019, at approximately 7:55 p.m., officers from the City of St. Albans Police Department responded to a report of an assault by Amy Connelly on staff at Shooter's Saloon, 30 Kingman Street, St. Albans.  SUMF ¶ 1.

2.      Officer Zachary Koch spoke with Ms. Connelly, who appeared heavily intoxicated, at the scene.  SUMF ¶ 2.

3.      Sergeant Jason Lawton and Officer Ferguson also responded to the scene. SUMF ¶ 3.

4.      At the time, Officer Ferguson was in the "Field Training" program, as he had graduated from the Vermont Police Academy in December 2018 and had only been working with the City of St. Albans Police Department for approximately 3 months. SUMF ¶ 4.

5.      Sgt. Lawton was Officer Ferguson's supervising Field Training Officer on March 14, 2019.  SUMF ¶ 5.

6.      Officer Ferguson had been assigned his own patrol vehicle for the evening, and did not arrive at Shooter's Saloon until Officer Koch was in the process of loading Ms. Connelly into his cruiser to take her back to the police station.  SUMF ¶ 6.

7.      Officer Ferguson and Sgt. Lawton interviewed patrons and the owner of Shooters Bar.  SUMF ¶ 7.

8.      Officer Koch transported Ms. Connelly to the SAPD for processing.  SUMF ¶ 8.

9.      Officer Koch put Ms. Connelly, who was in handcuffs, into a holding cell at the SAPD.  SUMF ¶ 9.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



10.     While Ms. Connelly was inside the holding cell at SAPD, she began kicking the door, which caused it to become partially wedged open.  SUMF ¶ 10.

11.     At that time, Sgt. Lawton was sitting in the patrol room/officers' room. SUMF ¶ 11.

12.     Officer Ferguson, who had been working at the computer in the patrol room, had moved from the computer and was talking with Sgt. Lawton at the time Ms. Connelly was kicking the door.  SUMF ¶ 12.

13.     Officer Ferguson returned to his paperwork because Sgt. Lawton said he would handle the situation with Ms. Connelly kicking the door.  SUMF ¶ 13.

14.     When Sgt. Lawton walked to the holding cell, Officer Ferguson followed the instruction and went back to the computer to resume typing.  SUMF ¶ 14.

15.     The computers in the patrol room are approximately 25 feet from the holding cell where Ms. Connelly was kicking the door.  SUMF ¶ 15.

16.     While at the computer, Officer Ferguson had his back to the door of the patrol room that leads to the holding cells.  SUMF ¶ 16.

17.     Sgt. Lawton opened the holding cell door and ordered Ms. Connelly to stop kicking the door.  SUMF ¶ 17.

18.     Connelly stood up and stepped toward Sgt. Lawton.  SUMF ¶ 18.

19.     Sgt. Lawton ordered Ms. Connelly to sit down, and Ms. Connelly said, "no." SUMF ¶ 19.

20.     Sgt. Lawton pushed Ms. Connelly back into the holding cell and onto the bench.  SUMF ¶ 20.

21.     Ms. Connelly immediately stood back up, moved at a fast pace toward Sgt. Lawton, and kicked Sgt. Lawton in the right shin.  SUMF ¶ 21.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



22.     Sgt. Lawton used his right hand and applied what he characterized as a distraction strike to Ms. Connelly's face.  SUMF ¶ 22.

23.     Officer Koch and Sgt. Lawton escorted Ms. Connelly to the floor in a controlled takedown and applied leg shackles to her legs.  SUMF ¶ 23.

24.     The entire interaction between Sgt. Lawton and Ms. Connelly, from when Sgt. Lawton first had contact with Ms. Connelly in the holding cell to the moment that Officer Koch and Sgt. Lawton escorted Ms. Connelly to the floor, lasted 16 seconds.  SUMF ¶ 24.

25.     Officer Ferguson did not arrive to the area outside of the holding cell until approximately 3 seconds before Ms. Connelly was on the floor.  SUMF ¶ 25.

26.     At the time of the takedown, Ms. Connelly was in the holding cell, Officer Koch was in the doorway, and Officer Ferguson was outside of the holding cell. SUMF ¶ 26.

27.     Officer Ferguson could not have reached Ms. Connelly at that time because she was in the holding cell with Sgt. Lawton and Officer Koch was in the doorway between Ms. Connelly and Officer Ferguson.  SUMF ¶ 27.

28.     Officer Ferguson did not have any contact with Ms. Connelly until after Ms. Connelly was on the floor.  SUMF ¶ 28.

29.     Once Ms. Connelly was on the floor, Officer Ferguson placed his hand on Ms. Connelly's back so that she did not hurt herself or anyone else.  SUMF ¶ 29.

30.     Counsel to Officer Ferguson served Defendant Michael Ferguson's First Requests for Admission ("Ferguson Requests for Admission") on May 6, 2021. SUMF ¶ 30.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



31.     As of the date of the filing of this Motion for Summary Judgment, Plaintiff had not responded to the Ferguson Requests for Admission.  SUMF ¶ 31.

32.     Request for Admission No. 1 states: "Admit that the contact between Officer Lawton and Plaintiff that you alleged in paragraph 14 of your Complaint, that 'LAWTON then shoved 'CONNELLY full force into the back of the holding cell,' occurred on March 15, 2019, at 00:14:22 according to the time stamp on Officer Lawton's body camera video."  SUMF ¶ 32.

33.     Request for Admission No. 2 states: "Admit that Defendant Michael Ferguson was not present in the holding cell during Officer Lawton's alleged contact with Plaintiff, as stated at paragraph 14 of your Complaint, and as depicted on Officer Lawton's body camera video on March 15, 2019, at 00:14:22 according to the time stamp on the video."  SUMF ¶ 33.

34.     Request for Admission No. 3 states: "Admit that Defendant Michael Ferguson was not present immediately outside of the holding cell during Officer Lawton's contact with Plaintiff as alleged at paragraph 14 of your Complaint, and as depicted on Officer Lawton's body camera video on March 15, 2019, at 00:14:22 according to the time stamp on the video."  SUMF ¶ 34.

35.     Request for Admission No. 4 states: "Admit that the contact between Officer Lawton and Plaintiff, as alleged at paragraph 17 of the Complaint that "LAWTON pushed CONNELLY backwards into the cell, grabbed her by the hair, pushing her head downwards and delivered a closed fist blow to CONNELLY'S face," occurred on March 15, 2019, at 00:14:34 according to the time stamp on Officer Lawton's body camera video and according to the time stamp on Officer Koch's body camera video."  SUMF ¶ 35.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



300000-00161

36.     Request for Admission No. 5 states: "Admit that Defendant Michael Ferguson was not present in the holding cell during Officer Lawton's contact with Plaintiff as alleged at paragraph 17 of the Complaint, and as depicted on Officer Lawton's body camera video on March 15, 2019, at 00:14:34 according to the time stamp on the video, and as depicted on Officer Koch's body camera video at the video time stamp of March 15, 2019, at 00:14:34."  SUMF ¶ 36.

37.     Request for Admission No. 6 states: "Admit that Defendant Michael Ferguson was not present immediately outside of the holding cell during Officer Lawton's contact with Plaintiff as alleged at paragraph 17 of the Complaint, and as depicted on Officer Lawton's body camera video on March 15, 2019, at 00:14:34 according to the time stamp on the video, and as depicted on Officer Koch's body camera video at the time stamp of March 15, 2019, at 00:14:34 on the video." SUMF ¶ 37.

38.     Request for Admission No. 7 states: "Admit that the contact you alleged occurred at paragraph 19 of your Complaint, that "LAWTON, KOCH, and FERGUSON took the injured CONNELLY by her arms and threw her head first into the floor," occurred at the time stamp of March 15, 2019, at 00:14:38 on Officer Lawton's body camera video and on March 15, 2019, at 00:14:38 according to the time stamp on Officer Koch's body camera video."  SUMF ¶ 38.

39.     Request for Admission No. 8 states: "Admit that Officer Ferguson did not have any contact with Plaintiff during the contact you alleged occurred at paragraph 19 of your Complaint, that "LAWTON, KOCH, and FERGUSON took the injured CONNELLY by her arms and threw her head first into the floor," according to the time stamp on Officer Lawton's body camera video on March 15, 2019, at 00:14:38



MONAGHAN SAFAR DUCHAM PLLC

156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



and according to the time stamp on Officer Koch's body camera video occurred on March 15, 2019, at 00:14:38, until after Plaintiff was already on the floor."  SUMF ¶ 39.

40.     Request for Admission No. 9 states: "Admit that Officer Ferguson did not have any contact with Plaintiff between the March 15, 2019, 00:14:22 time stamp on Officer Lawton's body camera video and the March 15, 2019, 00:14:38 time stamp on Officer Lawton's and Officer Koch's body camera videos."  SUMF ¶ 40.

41.     Request for Admission No. 10 states: "Admit that Plaintiff sent Officer Ferguson a message on Facebook messenger on November 25, 2019, in which Plaintiff acknowledged that Officer Ferguson was not responsible for the allegations in the Complaint, stating, '. . .[they] threw you under the bus as if you where (sic) responsible . . .'"  SUMF ¶ 41.

## V.     ARGUMENT

### A.     No Liability for Failure to Intervene.

No reasonable juror could find that Officer Ferguson had a realistic opportunity to intervene in Officer Lawton's alleged use of force, and Officer Lawton is entitled to summary judgment for his alleged failure to intervene.  "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in the presence."  *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)); *see also Burwell v. Peyton*, No. 5:15-cv-166, 2015 WL 6874250, *2 (D. Vt. Nov. 9, 2015) (same).  "An officer who fails to intercede in use of excessive force or another constitutional violation is liable for the preventable harm caused by the actions of



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



other officers." *Id.*  However, "[i]n order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring." *Anderson*, 17 F.3d at 557.  "Whether the officer had a 'realistic opportunity' to intervene is normally a question for the jury, unless, 'considering all the evidence, a reasonable jury could not possibly conclude otherwise.'" *Terebesi*, 764 F.3d at 244 (quoting *Anderson*, 17 F.3d at 557).  "Importantly, liability will attach only if the official 'observes excessive force is being used or has reason to know that it will be.'" *Valverde v. Folks*, No. 1:19-cv-08080-MKV, 2020 WL 5849525, *7 (S.D.N.Y. Sept. 30, 2020) (quoting *Curley v. Suffern*, 268 F.3d 65, 72 (2d Cir. 2001)); *Burwell*, 2015 WL 2015 WL 6874250, *2 (no liability under § 1983 for failure to intervene where officer did not observe the alleged use of force, "and therefore could not have protected Plaintiff").

When Sgt. Lawton first made contact with Ms. Connelly on March 14, 2019, at 8:14:22 p.m.[1] in the SAPD holding cell, Officer Ferguson was down the hall, in the patrol room, at a computer.  When Sgt. Lawton delivered a distraction blow to Ms. Connelly 12 seconds later, at 8:14:34, Officer Ferguson was still not present in, or immediately outside of, the holding cell where Ms. Connelly was.  Clearly, with respect to the alleged "close fist blow" to Plaintiff, *see* Complaint ¶ 17, the video recordings clearly show that Officer Ferguson was not present.  *Anderson*, 17 F.3d at 557 ("In order for liability to attach, there must have been a realistic opportunity to

---

[1]  The time stamp on the SAPD body camera videos is displayed in Coordinated Universal Time ("UTC") time, as denoted by the "Z" zone designator directly after the time, which indicates a zero offset from the UTC time.  On March 14, 2019, the difference between UTC time and Eastern Standard Time was four hours.  Thus, the UTC time stamp of March 15, 2019, at 00:14:22Z indicates a UTC time of 12:14:22 a.m. in UTC time and a corresponding time of 8:14:22 p.m. on March 14, 2019 in Eastern Standard Time.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



intervene to prevent the harm from occurring").  Further, Officer Ferguson had no notice that there would be an alleged "close fist blow" to Plaintiff's face.  *Curley*, 268 F.3d at 72 ("Importantly, liability will attach only if the official 'observes excessive force is being used or has reason to know that it will be.'"); *Baker v. Jiminian*, 2020 WL 3172700, *5 (no liability for failure to intervene where confrontation lasted mere seconds, and the second responding officer was not within reach of the confrontation); *Lennox v. Miller*, 968 F.3d 150, 158 (2d Cir. 2020) (reversing trial court and granting judgment to officer where there was no realistic opportunity to intervene).  The video evidence and sworn statement from Officer Ferguson in this regard is incontrovertible – Officer Ferguson was in another room at the time of Sgt. Lawton's distraction strike.  *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (summary judgment does not call on courts to rely on a "visible fiction" in favor of the nonmoving party, but rather to view "the facts in the light depicted by the videotape").

Officer Ferguson did not arrive near the scene of the altercation, and outside of the holding cell, until after Sgt. Lawton delivered the distraction blow.  Officer Ferguson did not know that Sgt. Lawton had pushed Ms. Connelly, that Ms. Connelly had kicked Sgt. Lawton, or that Sgt. Lawton had delivered the distraction blow.  Officer Ferguson was outside of the holding cell, while Officer Koch was in the doorway and both Sgt. Lawton and Ms. Connelly were in the holding cell, when Sgt. Lawton and Officer Koch escorted Ms. Connelly to the ground in a controlled takedown just through the doorway of the holding cell.  Officer Ferguson had no reasonable opportunity to intervene, and a reasonable jury could not possibly conclude otherwise.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



Importantly, Officer Ferguson had no reason to know that any officer had used any force at all at the moment he arrived at the holding cell doorway.  He did not observe any use of force up to the moment that Sgt. Lawton and Officer Koch escorted Ms. Connelly to the ground.  Officer Ferguson had no notice that Sgt. Lawton and/or Officer Koch would escort Ms. Connelly to the ground.  Without notice and an opportunity to intervene, no reasonable juror could find that Officer Ferguson could have intervened, or should have intervened.  *See Rudavsky v. S. Burlington*, No. 2:18-cv-25, 2021 WL 1894780, *7 (D. Vt. May 11, 2021) (summary judgment for officer on failure to intervene claim where officer was surprised by the takedown and had no time to intervene); *Burwell*, 2015 WL 2015 WL 6874250, *2 (no liability under § 1983 for failure to intervene where officer did not observe the alleged use of force, "and therefore could not have protected Plaintiff").

When the entire duration of an altercation is only seconds, and an officer is not immediately present at the time of the altercation, there is no liability for failure to intervene as a matter of law.  *See Baker v. Jiminian*, No. 18 CIV 5003 (NRB), 2020 WL 3172700, *5 (S.D.N.Y. June 15, 2020) (where officer is not immediately present for an alleged use of force and the confrontation lasted only seconds, "[g]iven such an ephemeral duration, no reasonable juror could conclude that [the officer] had a reasonable opportunity to intercede").  Here, the entire incident lasted 16 seconds.  Officer Ferguson was present for only the last moments, and he had no reason to know that Ms. Connelly would be taken to the ground.

Finally, for the same reasons and as further set forth below in Section III.C., Officer Ferguson is entitled to qualified immunity from the claim that he failed to intervene.  *See Lennox v. Miller*, 968 F.3d 150, 158 (2d Cir. 2020) (reversing trial court



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



and granting judgment to officer on basis of qualified immunity where there was no realistic opportunity to intervene).

### B.     No Liability for Use of Excessive Force.

To prevail on excessive force claim under 42 U.S.C. § 1983, Plaintiff must establish: (1) actions taken under color of law; (2) a deprivation of a constitutional or statutory right; (3) causation; and (4) damages. *Elnicki v. City of Rutland*, No. 2:17-cv-00048, 2019 WL 131858, *5 (D. Vt. Jan 8. 2019) (citing *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010).  The question is whether the officer's actions were "objectively reasonable in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation."  *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).  The court considers "the totality of the circumstances, . . . including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others[,] and whether [she] is actively resisting arrest."  *Id.* (quoting *Sullivan v. Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000)).

Officer Ferguson has no liability for use of excessive force for the simple fact that Officer Ferguson had no contact with Ms. Connelly until after she was on the floor, when he placed his hand on her back.  Where an officer uses no force at all, it is axiomatic that such use of force cannot be "excessive."  Put another way, Officer Ferguson's lack of personal involvement is fatal to Plaintiff's claims under § 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); *Frost v. New York City Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020) (citing same).  It is also not disputable that



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



Officer Ferguson's conduct was reasonable: as a trainee, and without knowledge of any altercation between an arrestee and his supervising officer, Officer Ferguson responded to a commotion and placed his hand on the arrestee's back after two other officers performed a controlled takedown. Officer Ferguson's conduct is reasonable as a matter of law.

Finally, as set forth below, Officer Ferguson is entitled to qualified immunity with respect to his alleged use of excessive force.

### C. Officer Ferguson Is Entitled to Qualified Immunity from Failure to Intervene and Excessive Force Claims.

"Qualified immunity shields government official from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). In excessive force cases, the qualified immunity inquiry ultimately converges on one question: "Whether in the particular circumstances faced by the officer, a reasonable officer would believe that the force employed was lawful." *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 764, n. 7 (2d Cir. 2003); *Burwell*, 2015 WL 2015 WL 6874250, *2 (citing *Cowan*). While the right to be free from excessive force is clearly established, the issue that remains is whether Officer Ferguson reasonably believed that he acted lawfully under the circumstances. *Burwell*, 2015 WL 6874250, *2 (citing *Green v. Montgomery,* 219 F.3d 52, 59 (2d Cir. 2000).

Here, Officer Ferguson violated no clearly established right with respect to use of force – he had no contact with Plaintiff during the interaction until Plaintiff was on the ground, and there is no allegation of excessive force once the takedown was



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



complete.  Officer Ferguson was in a different room until the moment the two other officers performed the takedown of Plaintiff; thus, he had no reasonable opportunity to intervene.  Further, he had no reason to believe that the officers would escort Ms. Connelly to the floor – he had no knowledge of any prior contact between Ms. Connelly and Sgt. Lawton.

Moreover, the question is whether Officer Ferguson reasonably believed he acted reasonably under the circumstances.  No reasonable officer in Officer Ferguson's position would have understood <u>he</u> was violating a clearly established right – Officer Ferguson was not immediately present.  *See Brown v. City of New York*, 862 F.3d 182, 192 (2d Cir. 2017) (affirming grant of summary judgment on qualified immunity grounds).

In *Burwell*, this Court held that an officer that neither participated in nor observed any use of force is not liable under § 1983 for use of excessive force or failure to intervene, and is entitled to qualified immunity.  *Burwell*, 2015 WL 6874250, *2-3; *see also Rudavsky v. S. Burlington*, 2021 WL 1894780, *8 (D. Vt. May 11, 2021) (summary judgment on qualified immunity grounds that pointed weapon at arrestee during a takedown by other officers in a holding cell).Likewise in this case, Officer Ferguson is entitled to qualified immunity because he did not participate in or observe any use of any force, other than the controlled takedown of Plaintiff that he had no reason to expect was going to happen.

**D.    No Liability for Assault or Battery.**

Under Vermont law, battery is "an intentional act that results in harmful contact with another." *Christman v. Davis*, 2005 VT 119, ¶ 6 (citing Restatement (Second) of Torts § 13 (1965)); *see also Burwell v. Peyton*, 131 F. Supp. 3d 268, 299



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



(D. Vt. 2015) (citing same), *on reconsideration in part*, No. 5:12-cv-166, 2015 WL

6874250 (D Vt. Nov. 9, 2015), and *aff'd sub nom. Burwell v. Moody*, 670 F. App'x

734 (2d Cir. 2016)).  "At common law, the civil tort of assault is defined as any

gesture or threat of violence exhibiting an [intention] to assault, with the means of

carrying that threat into effect . . . unless immediate contact is impossible."

*MacLeod v. Town of Brattleboro*, 2012 WL 5949787, *8 (D. Vt. Nov. 28, 2012)

(internal quotation marks omitted); *see also Burwell v. Peyton*, 131 F. Supp. 3d at

299 (citing same).

 "When assault and battery is alleged against police officers, 'the inquiry is

whether the officer's conduct was reasonably necessary and thereby privileged.'"

*Crowell v. Kirkpatrick*, 667 F. Supp. 2d 391, 417 (D. Vt. 2009), *aff'd*, 400 Fed. App'x

592 (2d Cir. 2010) (quotation omitted).  "In Vermont, police officers are privileged to

use force in arresting a suspect, however the privilege 'ends when the force used is

excessive, which is determined using the same standard used to analyze a Fourth

Amendment excessive force claim.'"  *Burwell v. Peyton*, No. 5:12-cv-166, 2015 WL

6874250, *3 (D. Vt. Nov. 9, 2015) (quoting *Mayo v. Winn*, No. S0952 CnC, 2009 WL

8103582, *6 (Vt. Super. Ct. May 14, 2009)).

 Here, Officer Ferguson neither participated in, nor did he observe, any

contact between Plaintiff and Sgt. Lawton.  Thus, for the same reasons that the

claims for failure to intervene and excessive use of force fail, so too do the claims for

assault and battery against Officer Ferguson.  *See Burwell v. Peyton*, 2015 WL

6874250, *2-*3 (officer entitled to summary judgment on assault and battery claims

where officer did not participate in use of force, and did not directly observe use of

force sufficient to give him a realistic opportunity to intervene).



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



Moreover, Officer Ferguson is entitled to qualified immunity for the state law claims of assault and battery. "The substantive law of Vermont governs the applicability of qualified immunity to [Plaintiff's] state law claims." *Brunette v. City of Burlington, Vermont*, No. 2:15-cv-00061, 2018 WL 4146598, *36 (D. Vt. Aug. 30, 2018) (quoting *Napolitano v. Flynn*, 949 F.2d 617, 621 (2d Cir. 1991)). "Under Vermont law, once the issue [of qualified immunity] raised, [the plaintiff] ha[s] the burden to rebut the qualified immunity defense 'by establishing that the official's allegedly wrongful conduct violated clearly established law. We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." *Id.* (quoting *Sprague v. Nally*, 2005 VT 85, ¶ 4, n. 3).

"Qualified immunity 'attaches to public officials who are (1) acting during the course of their employment and acting, or reasonably believing they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial, acts." *Brunette*, 2018 WL 4146598, at *36 (quoting *Baptie v. Bruno*, 2013 VT 117, ¶ 11). There can be no question that Officer Ferguson was acting in the course of his employment and was performing a discretionary act. *See Amy's Enters. v. Sorrell*, 174 Vt. 623, 625 (2002) (the act of investigation into a crime requires substantial judgment as to means and manner, and is therefore discretionary); *see also Sutton v. Vermont Reg'l Ctr.*, 2019 VT 71A, ¶ 41 (discretionary function where there is no specifically dictated course of action for employee to follow). Officer Ferguson acted in good faith – he did not violate any clearly established rights about which he should have known. *Baptie*, 2013 VT 117,



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



at ¶ 11.  Plaintiff cannot carry her burden; Officer Ferguson is entitled to qualified immunity on the state law claims for assault and battery.

### E.    No Liability for Intentional Infliction of Emotional Distress.

Under Vermont law, intentional infliction of emotional distress requires: "outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct."  *Brunette*, 2018 WL 4146598, *40 (quoting *Davis v. Am. Legion, Dep't of Vt.*, 2014 VT 134, ¶ 19); *see also Burwell v. Peyton*, 2015 WL 6874250, *4 (quoting *Sheltra v. Smith*, 136 Vt. 472, 476, 392 A.2d 431, 433 (Vt. 1978).  The conduct must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable.'"  *Id.* (quoting *Davis*, 2014 VT 134, ¶ 20).  The test is objective; the plaintiff must show that the harm resulting from the inflicted distress was so severe that no reasonable person could be expected to endure it."  *Id.* (quoting *Farnum v. Brattleboro Retreat, Inc.*, 164 Vt. 488, 497, 671 A.2d 1249, 1256 (Vt. 1995). "[W]hether a jury could reasonably find that the conduct at issue meets this test [ ]" is a "threshold question" for "the court to determine[.]"  *Id.* (quoting *Dulude v. Fletcher Allen Health Care, Inc.*, 174 Vt. 74, 83, 807 A.2d 390, 398 (Vt. 2002)).

Here, Officer Ferguson was in a different room, typing on a computer.  He was not personally involved in the altercation between Sgt. Lawton and Plaintiff.  Officer Ferguson did not observe the altercation.  Moreover, Sgt. Lawton was Officer Ferguson's training officer at the time of the incident, and Sgt. Lawton had declined Officer Ferguson's offer to address the situation.  Officer Ferguson had no



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



forewarning there would be any contact between Sgt. Lawton and Plaintiff when he continued with typing the affidavit.  No rational jury could find that Officer Ferguson's conduct was outrageous or extreme.

### F.    No Liability for Gross Negligence.

"Gross negligence is negligence that is more than an error of judgment; it is the failure to exercise even a slight degree of care owed to another.  *Galipeau v. Stemp*, No. 5:14-cv-55, 2016 WL 3190659, *17 (D. Vt. June 6, 2016) (quoting *Kennery v. State*, 2011 VT 121, ¶ 41)); *see also Sutton v. Vermont Reg'l Ctr.*, 2019 VT 71A, ¶ 56.  Where a gross negligence claim is based on an alleged use of force, the claim fails because the alleged conduct is intentional, and the concept of negligence cannot apply to such intentional conduct.  *Galipeau*, 2016 WL 3190659, at *17. (citations omitted).  Therefore, the claim fails.

Any claim for gross negligence also fails for the same reasons that the failure to intervene claim fails – Officer Ferguson had no awareness of any issue, and no reasonable opportunity to intervene.  The Vermont Supreme Court has held the gross negligence is "more than simple incompetence, but less than actual knowledge."  *Dumont v. Corr. Corp. of Am.*, No. 2:14-cv-209-CR-JMC, 2016 WL 8193639, *13 (D. Vt. Nov. 21, 2016), *report and recommendation adopted*, No. 2:14-cv-209, 2017 WL 456463 (D. Vt. Feb. 2, 2017) (quoting *Estate of Rodriguez v. Simon*, No. 2:06-cv-125, 2007 WL 2154238, *6 (D. Vt. Mar. 30, 2007), *report and recommendation adopted*, 2007 WL 2107542 (D. Vt. July 19, 2007).  It is axiomatic that, where an officer is not immediately present and not aware of an altercation between another officer and an arrestee, the officer who is not present and unaware cannot be said to have acted with "more than simple incompetence."  *Dumont*, 2016



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



WL 8193639, at *13; *Signorile by & through Signorile v. City of New York*, 887 F. Supp. 403, 416 (S.D.N.Y. 1995) (no gross negligence where officer had no knowledge and no reasonable opportunity to intervene); *Sutton*, 2019 VT 71A, ¶¶ 57-58 (finding potential for gross negligence on allegation of intentional misrepresentation, but granting judgment as a matter of law where allegation of gross negligence amounted to mere "questionable judgment").

Moreover, as the junior officer in training, who had offered assistance with the Plaintiff – but had that offer rebuffed by the training officer – and continued to work on paperwork in a separate room, no reasonable jury could find that such trainee acted with "more than simple incompetence" in continuing to process the investigation of a crime as the alleged physical transgressions transpired.

Finally, Officer Ferguson is entitled to qualified immunity for the gross negligence claim under Vermont law. Officer Ferguson was performing a discretionary function – continuing the investigation and processing of a potential crime by Plaintiff – in good faith and in the course of his employment. An officer of reasonable competence would have made the same choice in similar circumstances. *Sutton*, 2019 VT 71A, ¶ 49 (an officer acts in good faith under Vermont law where "an officer of reasonable competence could have made the same choice in similar circumstances").

## VI.   CONCLUSION

Plaintiff admitted facts that support summary judgment in favor of Officer Ferguson on all counts. Even without those admissions, Officer Ferguson is entitled to summary judgment because, based on undisputed and undisputable facts, no



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



300000-00161

reasonable juror could find that Officer Ferguson's conduct is culpable.  Finally, Officer Ferguson is entitled to qualified immunity on each count.

WHEREFORE, Officer Ferguson respectfully requests judgment in his favor on all Counts, and such other relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of June, 2021.

MICHAEL FERGUSON

By: */s/ James F. Conway, III*
    Brian P. Monaghan, Esq.
    James F. Conway, III, Esq.
    Monaghan Safar Ducham PLLC
    156 Battery Street
    Burlington, VT 05401
    bmonaghan@msdvt.com
    jconway@msdvt.com
    (802) 660-4735
    (802) 419-3662 (facsimile)



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com

