# ATTACHMENT 6

## TO EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| Amy Connelly, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:20-cv-64 |
| | ) | |
| City of St. Albans, Vermont, | ) | |
| Gary Taylor, *individually and in his* | ) | |
| *official capacity as Chief of Police for* | ) | |
| *the City of St. Albans, Vermont,* | ) | |
| Jason Lawton, Zachary Koch, and | ) | |
| Michael Ferguson, *individually and in* | ) | |
| *their capacities as police officer for* | ) | |
| *the City of St. Albans, Vermont,* | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT MICHAEL FERGUSON'S
### FIRST REQUESTS FOR ADMISSION

Defendant Michael Ferguson, by and through its attorneys, Monaghan Safar Ducham PLLC, hereby requests, pursuant to Rule 36 of the Federal Rules of Civil Procedure, that Plaintiff Amy Connelly make the following admissions in the time provided for such responses pursuant to the Rules.

### INSTRUCTIONS

1. Rule 36 is self-executing: If, within 30 days after service of these Requests, you fail to provide a written answer or objection addressed to a Request for Admission set forth herein, the matter set forth within each Request for Admission that you so fail to answer will be deemed admitted.

2. You must admit or deny each Request for Admission and, where necessary, specify the parts of each Request for Admission to which you object or cannot in good faith admit or deny. If you object to only a part of a Request for Admission, you must



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com

300000-00161                                       1

admit or deny the remainder of the Request for Admission. Denials should be forthright, specific, and unconditional. If you object to or deny any Request – or portion of a Request – you must state the reasons for your objection or denial.

3. You must specifically state your grounds for objecting to any Request for Admission. You may not object solely on the ground that the Request for Admission presents a genuine issue for trial.

4. You may not assert lack of knowledge or information as a reason for failing to admit or deny a Request for Admission unless you assert that you have made a reasonable inquiry and specifically state that the information you know or can reasonably obtain is insufficient to enable you to admit or deny.

5. If you do not admit a Request for Admission, your answer must specifically deny the Request for Admission, or portion of the Request for Admission, or state in detail why you cannot truthfully admit or deny the Request for Admission.

## REQUESTS FOR ADMISSION

1. Admit that the contact between Officer Lawton and Plaintiff that you alleged in paragraph 14 of your Complaint, that "LAWTON then shoved "CONNELLY full force into the back of the holding cell," occurred on March 15, 2019, at 00:14:22 according to the time stamp on Officer Lawton's body camera video.

2. Admit that Defendant Michael Ferguson was not present in the holding cell during Officer Lawton's alleged contact with Plaintiff, as stated at paragraph 14 of your Complaint, and as depicted on Officer Lawton's body camera video on March 15, 2019, at 00:14:22 according to the time stamp on the video.


156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com

3. Admit that Defendant Michael Ferguson was not present immediately outside of the holding cell during Officer Lawton's contact with Plaintiff as alleged at paragraph 14 of your Complaint, and as depicted on Officer Lawton's body camera video on March 15, 2019, at 00:14:22 according to the time stamp on the video.

4. Admit that the contact between Officer Lawton and Plaintiff, as alleged at paragraph 17 of the Complaint that "LAWTON pushed CONNELLY backwards into the cell, grabbed her by the hair, pushing her head downwards and delivered a closed fist blow to CONNELLY'S face," occurred on March 15, 2019, at 00:14:34 according to the time stamp on Officer Lawton's body camera video and according to the time stamp on Officer Koch's body camera video.

5. Admit that Defendant Michael Ferguson was not present in the holding cell during Officer Lawton's contact with Plaintiff as alleged at paragraph 17 of the Complaint, and as depicted on Officer Lawton's body camera video on March 15, 2019, at 00:14:34 according to the time stamp on the video, and as depicted on Officer Koch's body camera video at the video time stamp of March 15, 2019, at 00:14:34.

6. Admit that Defendant Michael Ferguson was not present immediately outside of the holding cell during Officer Lawton's contact with Plaintiff as alleged at paragraph 17 of the Complaint, and as depicted on Officer Lawton's body camera video on March 15, 2019, at 00:14:34 according to the time stamp on the video, and as depicted on Officer Koch's body camera video at the time stamp of March 15, 2019, at 00:14:34 on the video.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com

7. Admit that the contact you alleged occurred at paragraph 19 of your Complaint, that "LAWTON, KOCH, and FERGUSON took the injured CONNELLY by her arms and threw her head first into the floor," occurred at the time stamp of March 15, 2019, at 00:14:38 on Officer Lawton's body camera video and on March 15, 2019, at 00:14:38 according to the time stamp on Officer Koch's body camera video.

8. Admit that Officer Ferguson did not have any contact with Plaintiff during the contact you alleged occurred at paragraph 19 of your Complaint, that "LAWTON, KOCH, and FERGUSON took the injured CONNELLY by her arms and threw her head first into the floor," according to the time stamp on Officer Lawton's body camera video on March 15, 2019, at 00:14:38 and according to the time stamp on Officer Koch's body camera video occurred on March 15, 2019, at 00:14:38, until after Plaintiff was already on the floor.

9. Admit that Officer Ferguson did not have any contact with Plaintiff between the March 15, 2019, 00:14:22 time stamp on Officer Lawton's body camera video and the March 15, 2019, 00:14:38 time stamp on Officer Lawton's and Officer Koch's body camera videos.

10. Admit that Plaintiff sent Officer Ferguson a message on Facebook messenger on November 25, 2019, in which Plaintiff acknowledged that Officer Ferguson was not responsible for the allegations in the Complaint, stating, ". . .[they] threw you under the bus as if you where (sic) responsible . . .



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com

300000-00161                                   4

Dated at Burlington, Vermont this 6th day of May 2021.

                                                MICHAEL FERGUSON

                                By: */s/ James F. Conway, III* .
                                    Brian P. Monaghan, Esq.
                                    James F. Conway, III, Esq.
                                    Monaghan Safar Ducham PLLC
                                    156 Battery Street
                                    Burlington, VT 05401
                                    bmonaghan@msdvt.com
                                    jconway@msdvt.com
                                    (802) 660-4735
                                    (802) 419-3662 (facsimile)



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com