UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| Amy Connelly,<br>      Plaintiff,<br><br>v.<br><br>City of St. Albans, Vermont,<br>Gary Taylor, *individually and in his*<br>*official capacity as Chief of Police for*<br>*the City of St. Albans, Vermont,*<br>Jason Lawton, Zachary Koch, and<br>Michael Ferguson, *individually and in*<br>*their capacities as police officer for*<br>*the City of St. Albans, Vermont*,<br>      Defendants. | )<br>)<br>)<br>)  Civil Action No. 2:20-cv-00064<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
MICHAEL FERGUSON'S MOTION FOR SUMMARY JUDGMENT**

Defendant Michael Ferguson, by and through his attorneys, Monaghan Safar Ducham, PLLC, hereby submits this Reply to Plaintiff's Opposition to Defendant Michael Ferguson's Motion for Summary Judgment.

**I.**   **Plaintiff Abandoned Several Claims**

As set forth in the Memorandum in Support of Defendant Michael Ferguson's Motion for Summary Judgment ("Ferguson Memorandum" or "Ferguson Memo."), Plaintiff's Complaint can be read to allege six causes of action: failure to intervene (Count I, Compl. ¶ 15), excessive use of force (Count I, Compl. ¶ 20), assault (Count II, Compl. ¶ 37), battery (Count III, Compl. ¶ 40), intentional infliction of emotional distress (Count IV, Compl. ¶ 43), and gross negligence (Count V, Compl. ¶ 47). Ferguson Memo., ECF Doc. 22-1, p. 2. In Plaintiff's Response to Defendant Michael Ferguson's Motion for Summary Judgement (sic) and Memorandum of Law in Support of Michael Ferguson's Motion for Summary



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



Judgement ("Plaintiff's Opposition" or "Plaintiff's Opp."), Plaintiff arguably provided, at most, only limited argument regarding two of the Counts in the Complaint. Plaintiff wholly abandoned the remaining Counts.

Specifically, Plaintiff provided argument regarding Count I, failure to intervene. *See* Plaintiff's Opp., pp 4-5; *id.* at pp. 6-7 (argument regarding "failure to intercede" under section heading for battery). Plaintiff provided a single clause in a single sentence regarding the allegation in Count I regarding Officer Ferguson's alleged use of excessive force. *Id.*, p. 6 (asserting that Officer Ferguson "decided [to employ] more force on plaintiff instead of assessing her medical needs"). Plaintiff included a section header – "Officer Ferguson committed Battery against Plaintiff" – but did not include an argument regarding any alleged battery, instead repeating an argument regarding Officer Ferguson's alleged "failure to intercede." *Id.* at pp. 6-7. Finally, Plaintiff referenced "state law claims for negligent infliction of emotional distress," which is not a claim that appears in the Complaint. *Id.* at 5-6.

Plaintiff did not provide any argument regarding any alleged assault (Count II, Compl. ¶ 37), battery (Count III, Compl. ¶ 40), intentional infliction of emotional distress (Count IV, Compl. ¶ 43), or gross negligence (Count V, Compl. ¶ 47). Officer Ferguson addressed each of those Counts in his Memorandum in Support of Motion for Summary Judgment filed on June 22, 2021. *See* Ferguson Memo. Plaintiff filed her Opposition, after a stipulated extension of time, on August 12, 2021. Thus, Plaintiff, who is represented by counsel, had over six weeks to develop arguments as to how Officer Ferguson may be liable under these theories. She did not. As such, Plaintiff abandoned each of those Counts. *Spagnuolo v. Howell*, 814 F. App'x 614, 618-619 (2d Cir. 2020) (claims abandoned by plaintiff for failure to



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



address the claims in opposition to motion for summary judgment); *Jackson v. Fed. Exp.*, 766 F.2d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to summary judgment] that relevant claims or defenses that are not defended have been abandoned."); *Leavitt v. Ethicon, Inc.*, No. 2:20-cv-00176, 2021 WL 872696, *3-4 (D. Vt. Mar. 9, 2021) (Reiss, J.) (citing *Jackson*); *Knight v. Nassau Cty.*, No. 17cv0958SFJSIL, 2019 WL 3817392, *4 (E.D.N.Y. Aug. 14, 2019) (collecting cases).

Officer Ferguson respectfully requests judgment in his favor on Counts II, III, IV and V.[1]

## II. There is No Dispute Regarding the Material Facts

It is well settled that a party opposition a Rule 56 motion must identify, with citation to the record, disputed issues of material fact.[2] *Theobald v. City of New York*, 406 F. Supp. 3d 270, 275 (E.D.N.Y. 2019) ("to survive summary judgment, a non-movant must present concrete evidence and may not rely on mere conclusory or speculative claims or denials") (citation omitted); *Davis v. Koffee Kup Bakery, Inc.*, No. 2:15-cv-152, 2016 WL 4411399, *5 (D. Vt. Aug. 18, 2016) ("Once the moving party demonstrates that there are no genuine issues of material fact, the nonmoving party must come forth with evidence sufficient to allow a reasonable jury to find in [its] favor.") (quotation omitted).  Here, a review of Plaintiff's Statement of Disputed Material Facts ("SDMF") reveals that there is no dispute

---

[1] To the extent that the Court does not deem these Counts abandoned by Plaintiff, Officer Ferguson relies on the unopposed arguments set forth in his Memorandum in Support of Motion for Summary Judgment as grounds for judgment on each.

[2] Plaintiff erroneously cited the Court to the Rule 12(b)(6) standard of review.  *See* Opp., p. 2.



MONAGHAN SAFAR DUCHAM PLLC

156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



regarding the following facts.³  Officer Ferguson was not present in or outside the holding cell at the time of the alleged contact between Sgt. Lawton and Plaintiff initiated.  *See* Plaintiff's Statement of Disputed Material Facts ("SDMF"), Doc. 32-1, ¶¶ 24, 32 – 37.  The entire duration of contact between SAPD officers and Plaintiff, as recorded on multiple different cameras, was 16 seconds.  *Id.* at ¶ 40.  Officer Ferguson was down the hall, in the patrol room, and at a computer when contact between Sgt. Lawton and Ms. Connelly initiated.  *Id.* at ¶¶ 14-16.  Officer Ferguson only arrived outside of the holding cell approximately three seconds before Sgt. Lawton and Officer Koch escorted Plaintiff to the floor in a controlled takedown.  *Id.* at ¶ 25.  Officer Ferguson could not have reached Ms. Connelly at the time of the controlled takedown because she was in the holding cell with Sgt. Lawton, and Officer Koch was in the doorway between Ms. Connelly and Officer Ferguson.  *Id.* at ¶ 27.  As Plaintiff explicitly acknowledged, "it is admitted that Lawton and Koch blocked Defendant [Ferguson] from reaching Plaintiff" at the time of the controlled takedown.  *Id.*  Indeed, Plaintiff further admitted that Officer Ferguson "never . . .

---

³  Plaintiff did not dispute 26 of Officer Ferguson's 41 paragraphs in his Statement of Undisputed Material Facts.  Of the remaining 15, Plaintiff objected: to the characterization of Plaintiff's level of intoxication (2); to the characterization of the result of her kicks to the holding cell door (10); that Officer Ferguson was unable to hear screaming and a commotion (16); that Plaintiff kicked Sgt. Lawton (21); that a close-fist blow is a "distraction strike" (22); that the takedown was "controlled" (23); that the duration of encounter has import (24); that Officer Ferguson's location outside of the holding cell has import (25); that Officer Ferguson could have intervened, despite the admission that he was blocked from the cell by another officer (27); that Officer Ferguson placed his hand on Plaintiff's back, and instead placed his knee on Plaintiff's back and his hand on her wrists (29); and that Plaintiff's apologetic message to Officer Ferguson regarding his involvement in this lawsuit was an acknowledgement of his lack of culpability (41).  These 15 assertions are generally unsupported by citation to the record.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



did anything other than assist his fellow officers restrain Ms. Connelly on the floor." Opp. at p. 7.

In contrast to the foregoing undisputed facts, Plaintiff makes passing unsupported and contradictory references in her Opposition.  For example, Plaintiff asserts, without support by citation to the record, that "it is objectively unreasonable for Officer Ferguson to watch Plaintiff receive a potentially fatal head injury and then join in the assault and lie to hospital staff about what happened in Plaintiff's presence." Opp., p. 4.  Plaintiff further asserts, without support, that Officer Ferguson "could clearly hear the dialogue between Sergeant Lawton and Ms. Connelly." *Id*. at p. 7.  Similarly, Plaintiff asserts that, "Even if he couldn't see the punch land, he certainly saw the result." *Id*.  Plaintiff has not established, and cannot establish by any citation to the record: (1) that Officer Ferguson had any knowledge of any contact between Sergeant Lawton and Ms. Connelly prior to the controlled takedown; (2) that Officer Ferguson had ever seen Ms. Connelly prior to the moment that he arrived at the holding cell door immediately prior to the controlled takedown, and therefore had no reason to know whether Ms. Connelly had any pre-existing injuries; or (3) that Officer Ferguson could hear the verbal exchange between Ms. Connelly and Sgt. Lawton clearly enough to know what occurred in the holding cell.

Unsupported assertions are insufficient to withstand a motion for summary judgment.  *Theobald*, 406 F. Supp. 3d at 275 ("a non-movant must present concrete evidence and may not rely on mere conclusory or speculative claims or denials") (citation omitted).  As such, Plaintiff's speculative and unsupported assertions are insufficient to withstand Officer Ferguson's Motion for Summary Judgment,


156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com


particularly where the relevant material facts are not in dispute, and Plaintiff acknowledged that Officer Ferguson had no reasonable opportunity to prevent the alleged harm from occurring.

### III. No Liability for Failure to Intervene Subsequent to Takedown.

The thrust of Plaintiff's shifting argument appears now to be that Officer Ferguson's Motion for Summary Judgment should be denied because "Officer Ferguson does not argue and does not brief that he is entitled to relief for what happened after Plaintiff was on the ground." Opp., p. 4.  However, there is no allegation in the Complaint that any of the Defendants used excessive force after Plaintiff was on the ground, and "it is well established that it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 82 (E.D.N.Y. 2019), *motion for relief from judgment denied*, No. 16cv4015PKCVMS, 2021 WL 1146087 (E.D.N.Y. Mar. 25, 2021) (citation omitted); *Rojo v. Deutsche Bank*, 487 Fed. App'x 586, 588-89 (2d Cir. 2012) (summary order) (claim waived where raised for the first time in opposition to motion for summary judgment).

Additionally, where there is no claim that any officer used excessive force after Plaintiff was on the ground, Officer Ferguson cannot be liable for any failure to intervene.  *See Rudavsky v. City of South Burlington*, No. 2:18-cv-25, 2018 WL 4639096, *9 (D. Vt. Sept. 27, 2018) (where there is no underlying excessive force claim, there is no viable claim for failure to intervene).  Similarly, Plaintiff does not allege any injury resulting from any action that occurred after she was on the floor. Rather, she alleged that she sustained injuries from conduct that preceded Officer Ferguson's contact with her.  In other words, there is no allegation that any officer,



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



300000-00161

including Officer Ferguson, used excessive force once Plaintiff was on the floor. *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015) (listing six non-exclusive factors for reasonableness of force used in Fourteenth Amendment context, including the extent of plaintiff's injury); *Piper v. City of Elmira*, 12 F. Supp. 3d 577, 593-94 (W.D.N.Y 2014) (collecting cases and stating, "the challenged conduct, coupled with the absence of any resulting injuries, are of the type that courts have repeatedly found insufficient to withstand summary judgment").  Officer Ferguson cannot be liable for failing to intervene when there is no alleged harm, or citation to the record of any harm, for him to prevent.  *Lennox v. Miller*, 968 F.3d 150, 158 (2d Cir. 2020) (reversing trial court and granting judgment to officer where there was no realistic opportunity to intervene to prevent harm) (further citation omitted).  Likewise, Officer Ferguson cannot be liable for a use of force unaccompanied by a single allegation of resultant harm, or a single citation to the record of any fact demonstrating harm.

      Finally, Officer Ferguson is entitled to qualified immunity and is not liable for any use of excessive force after Plaintiff was on the ground unless he has "violated a clearly established right, such that it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Kingsley*, 576 U.S. at 400.  Plaintiff has not, and cannot, point to a Second Circuit case that clearly establishes that Officer Ferguson's conduct – even if he made momentary contact with Plaintiff's back and wrists as he restrained her while she was on the ground – was unlawful in the situation he confronted.  *Cf.* Opp. at p. 7 (Officer Ferguson "never . . . did anything other than assist his fellow officers restrain Ms. Connelly on the floor.").  Indeed, Plaintiff has unequivocally admitted



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



that "Officer Ferguson was not responsible for the allegations in the Complaint." SDMF, ¶ 41 (Plaintiff failed to respond to Officer Ferguson's Request for Admission No. 10 regarding Officer Ferguson's lack of responsibility).

Finally, the available video clearly demonstrates that Officer Ferguson's conduct was reasonable, and his own use of force once Plaintiff was on the ground was not excessive. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (summary judgment does not call on courts to rely on a "visible fiction" in favor of the nonmoving party, but rather to view "the facts in the light depicted by the videotape"); *McKinney v. Dzurenda*, 555 Fed. App'x 110, 111-12 (2d Cir. 2014) (summary order) (approving the use of video evidence in granting summary judgment in Eighth Amendment use force case). Here, the available video confirms that, as admitted by Plaintiff, that Officer Ferguson had no contact with Plaintiff until she was on the ground. *See* SDMF ¶ 28. At that point, Officer Ferguson had contact with Plaintiff and restrained her so that she would not hurt herself or others. *Id*. at ¶ 29.

Officer Ferguson had no reasonable opportunity to intervene to prevent any alleged excessive use of force, and a reasonable jury could not possibly conclude otherwise. In any event, Officer Ferguson is entitled to qualified immunity from the claim that he failed to intervene. Similarly, Officer Ferguson cannot be liable for any newly alleged excessive use of force, particularly where the allegation is made only in the SDMF and is unaccompanied by any citation to any fact in the record reflecting a use of force, and excessive use of force, or any harm.



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



### IV. No Liability for Negligent Infliction of Emotional Distress.

In her Complaint, Plaintiff did not allege that Officer Ferguson is liable for negligent infliction of emotional distress. *Cf.* Complaint, ¶ 43 (alleging intentional infliction of emotional distress). As set forth above, "it is well established that it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment." *Gustavia Home*, 362 F. Supp. 3d at 82.

Further, to the extent the claim is based on any alleged use of force, the claim fails because the concept of negligence cannot apply to intentional conduct. *Gallipeau v. Stemp*, No. 5:14-cv-55, 2016 WL 3190659, *17 (D. Vt. June 6, 2016); *Burwell v. Peyton*, 131 F. Supp. 3d 268, 300 (D. Vt. 2015) (claims alleging intentional acts do not give rise to claims sounding in negligence). Additionally, Plaintiff did not identify a specific duty of care owed by Officer Ferguson above and beyond his duty to the public at large. *Burwell*, 131 F. Supp. 3d. at 300 (citing *Sabia v. Vermont*, 164 Vt. 293, 669 A.2d 1187, 1191 (1995)). With no special duty owed to Plaintiff, Officer Ferguson cannot be liable for a claim sounding in negligence.

Further, any claim against Officer Ferguson sounding in negligence must be brought against the Town. 24 V.S.A. § 901(a) (claims against appointed and elected officials must be brought against the municipality); 24 V.S.A. § 901a(b) & (c) (claims against municipal employee shall lie against the municipality, subject to all defenses available to employee, including qualified immunity). To the extent Plaintiff now asserts a negligent infliction of emotional distress claim, Officer Ferguson acted within the scope of his employment and the claim lies only against the City.

Either way, Officer Ferguson (or the City) is entitled to qualified immunity because Officer Ferguson was performing a discretionary function – continuing the



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



investigation and processing of a potential crime by Plaintiff, then assisting in the restraint of Plaintiff once she was on the ground – in good faith and in the course of his employment. An officer of reasonable competence would have made the same choice in similar circumstances. *Sutton v. Vermont Reg'l Ctr.*, 2019 VT 71A, ¶ 41 (discretionary function when there is no dictated course of action for employee to follow); *id.* at ¶ 49 (officer acts in good faith where "an officer of reasonable competence could have made the same choice in similar circumstances"). Plaintiff has not met her burden to show that Officer Ferguson is not entitled to qualified immunity on any state law claim. *Brunette v. City of Burlington, Vermont*, No. 2:15-cv-00061, 2018 WL 4146598, *36 (D. Vt. Aug. 30, 2018) (under Vermont law, plaintiff has the burden to rebut the qualified immunity defense) (citation omitted).

## V.   CONCLUSION

Based on undisputed facts, no reasonable juror could find that Officer Ferguson's conduct is culpable. Additionally, Officer Ferguson is entitled to qualified immunity on each count. Any amendment would be futile and prejudicial. *Shatney v. LaPorte*, 634 Fed. App'x 53, 55 (2d Cir. 2016) (summary order).

WHEREFORE, Officer Ferguson respectfully requests judgment in his favor on all Counts, and such other relief as the Court may deem just and proper.

Respectfully submitted this 26th day of August, 2021.

        MICHAEL FERGUSON

By: */s/ James F. Conway, III*
    Brian P. Monaghan, Esq.
    James F. Conway, III, Esq.
    Monaghan Safar Ducham PLLC
    156 Battery Street
    Burlington, VT 05401
    bmonaghan@msdvt.com



156 Battery Street
Burlington, VT 05401
T 802 660 4735
F 802 419 3662

92 Fairfield Street
St. Albans, VT 05478
T 802 524 0080

www.msdvt.com



jconway@msdvt.com  
(802) 660-4735



156 Battery Street  
Burlington, VT 05401  
T 802 660 4735  
F 802 419 3662  

92 Fairfield Street  
St. Albans, VT 05478  
T 802 524 0080  

www.msdvt.com



300000-00161

11