UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| AMY CONNELLY,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF ST. ALBANS, VERMONT, *et al.*<br>    Defendants. | )<br>)<br>)<br>)   Civil Action No. 2:20-cv-64<br>)<br>)<br>)<br>) |

### DEFENDANTS CITY OF ST. ALBANS, GARY TAYLOR, AND ZACHARY KOCH'S MOTION TO DISMISS

NOW COME Defendants City of St. Albans, Gary Taylor, and Zachary Koch ("Moving Defendants"), by and through their attorneys, McNeil, Leddy & Sheahan, P.C., and, pursuant Rule 12(b)(4)-(5) and Rule 41(b) of the Federal Rules of Civil Procedure, hereby move to dismiss on the grounds that Plaintiff failed to accomplish service of her Complaint within 90 days of commencement of this action as required by Rule 4(m) and has otherwise failed to properly effectuate service on the Moving Defendants. In support of this motion, Moving Defendants respectfully submit the following Memorandum of Law.

### MEMORANDUM OF LAW IN SUPPORT OF
### MOVING DEFENDANTS' MOTION TO DISMISS

### BACKGROUND

The docket number in this case is over 16 months old. Plaintiff filed her Complaint in this action on May 4, 2020. (Doc. 1). The Moving Defendants were aware of the filing and local news outlets reported on the lawsuit soon after the Complaint was filed. The Moving Defendants participated in an early, unsuccessful mediation session on January 18, 2021. However, Plaintiff never served process on any of the Moving Defendants.

According to the Court's docket, one defendant in the case, Michael Ferguson, filed an Answer on September 29, 2020. (Doc. 9). Plaintiff and Defendant Ferguson stipulated to a

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802.863.4531
F 802.863.1743
www.mcneilvt.com

stay of the proceedings on November 11, 2020, which was granted on November 12, 2020. (Docs. 11 & 12). A Rule 26(f) Report was filed on February 9, 2021, and a Stipulated Discovery and Pleading Schedule/Order was issued on February 10, 2021. (Docs. 14 & 15). Discovery between Plaintiff and Defendant Ferguson was exchanged in February, March, April, and May 2021. (See Docs. 16-21). On June 22, 2021, Defendant Ferguson filed a Motion for Summary Judgment (Doc. 22). The Moving Defendants did not participate in any of this case activity and were not served with any of these filings.

Following the unsuccessful early mediation in January, the undersigned did not hear from Plaintiff's counsel until July 19, 2021, when Plaintiff's co-counsel Evan Chadwick, Esq., reached out to acknowledge that Moving Defendants were never served and to request an acceptance of service. Considering that without an acceptance of service, Plaintiff's intended to attempt personal service, the Moving Defendants, Defendant Lawton, and Plaintiff filed a stipulation acknowledging that Plaintiff had thus far failed to effect service, but without waiver, defense counsel would accept service via email. (Doc. 29). The stipulation was approved and ordered by the Court on July 30, 2021 (Doc. 31), but to date Plaintiff has still not sent the undersigned the email service as contemplated by the stipulation.

## ARGUMENT

### I. MOVING DEFENDANTS SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO SERVE HER COMPLAINT WITHIN THE 90-DAY PERIOD REQUIRED BY F.R.C.P. 4(m)

Moving Defendants should be dismissed from this action for Plaintiff's failure to complete service within 90 days after commencing the action. Plaintiff filed her Complaint in this matter on May 4, 2020, naming the Moving Defendants. (Doc. 1). Pursuant to F.R.C.P.

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802.863.4531
F 802.863.1743

www.mcneilvt.com

2

4(m), Plaintiff had 90 days to effect service. Although it has been over 16 months since she filed her Complaint, Plaintiff has still not served it.

A district court has discretion when considering a motion to dismiss on F.R.C.P. 4(m) grounds. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). Here, where Plaintiff cannot show good cause for her failure to serve, the Court should use its discretion to dismiss the Moving Defendants from this case. Plaintiff is "neither a *pro se* litigant nor incarcerated," can make "no showing whatever as to any effort on her part to effect service" and can make "no effort to show good cause for her failure and never requested an extension of time" while the case has been pending for over 16 months. *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006). "Good cause to excuse a failure to effect service exists only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [her] control." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 401-02 (S.D.N.Y. 2020) (internal quotations omitted) ("Far from having effected service 'slightly late,' Kogan did not even request leave to file a waiver of service or an extension of time to serve defendants until six months after the Rule 4(m) deadline and nine months after the filing of his original Complaint."). Plaintiff "completely disregarded Rule 4(m)." *Id.* at 402.

Even though Moving Defendants were on notice of the suit, they are prejudiced by Plaintiff's failure to serve in that this case has proceeded against one defendant only and carries a docket number from May 2020. "Even a lack of prejudice, however, is not itself an excuse for failure to serve on time." *Id.* at 403. "Having failed to demonstrate any attempt to discharge [her] service duties, [Plaintiff] has no charter to ask the Court to inquire into the extent of prejudice to [her] adversaries." *Id.*

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802.863.4531
F 802.863.1743
www.mcneilvt.com

3

As her counsel acknowledges, Plaintiff failed to serve her Complaint within the 90-day period from commencement, as proscribed by F.R.C.P. 4(m). Thus, service was untimely and ineffective. Rule 4(m) must be followed and enforced, lest it become a paper tiger. Plaintiff showed no effort to comply with the timely service requirements of F.R.C.P. 4, and this action should be dismissed as against Moving Defendants.

## II. PLAINTIFF HAS OTHERWISE FAILED TO EFFECT SERVICE

Plaintiff not only failed to serve Moving Defendants within 90 days, but has failed to serve them at all. Without waiving the defense of late service per F.R.C.P. 4(m), the undersigned agreed to accept service by email. This agreement was included in a stipulation approved by the Court on July 30, 2021. (Doc. 31). However, to date Plaintiff has not served her Complaint and Summons, either by email or otherwise. Thus, dismissal is appropriate here. Moving Defendants should not be compelled to enter this case mid-stream and litigate under a stale docket number.

WHEREFORE, for the foregoing reasons, the Moving Defendants respectfully request they be dismissed from this case.

DATED at Burlington, Vermont, this 10th day of September 2021.

McNEIL, LEDDY & SHEAHAN, P.C.

BY: /s/ Michael J. Leddy
Michael J. Leddy, Esq.
271 South Union St.
Burlington, VT 05401
(802) 863-4531
mleddy@mcneilvt.com

*Attorneys for City of St. Albans, Gary Taylor, and Zachary Koch*

McNEIL LEDDY & SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802.863.4531
F 802.863.1743
www.mcneilvt.com

4

c:   Albert S. Fox, Esq.
     Evan B. Chadwick, Esq.
     Brian P. Monaghan, Esq.
     James F. Conway, Esq.
     Kaveh S. Shahi, Esq.

400000\604

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802.863.4531
F 802.863.1743

www.mcneilvt.com