UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 DEC 16 PM 2: 35

CLERK
BY ____ /s/ ____
DEPUTY CLERK

| | |
|---|---|
| AMY CONNELLY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ST. ALBANS, VERMONT; GARY TAYLOR, individually and in his official capacity as Chief of Police for the City of St. Albans, Vermont; JASON LAWTON, individually and in his official capacity as a police officer for the City of St. Albans, Vermont; ZACHARY KOCH, individually and in his official capacity as a police officer for the City of St. Albans, Vermont; MICHAEL FERGUSON, individually and in his official capacity as as a police officer for the City of St. Albans, Vermont,<br><br>    Defendants. | Case No. 2:20-cv-64 |

**ENTRY ORDER GRANTING DEFENDANTS CITY OF ST. ALBANS, GARY TAYLOR, AND ZACHARY KOCH'S MOTION TO DISMISS AND DEFENDANT JASON LAWTON'S MOTION TO DISMISS**
(Docs. 34 & 35)

Plaintiff Amy Connelly brings this action against the City of St. Albans, Vermont; Gary Taylor, individually and in his official capacity as Chief of Police for the City of St. Albans, Vermont; and Jason Lawton, Zachary Koch, and Michael Ferguson, individually and in their official capacities as police officers for the City of St. Albans, Vermont (collectively, "Defendants"). Plaintiff alleges violations of her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 as well as state law tort claims arising from a physical altercation that occurred on March 14, 2019 while she was detained at the St. Albans Police Department.

Pending before the court are motions to dismiss Plaintiff's Complaint for insufficient process and insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and (5), filed by Defendants City of St. Albans, Gary Taylor, and Zachary Koch (Doc. 34) and Defendant Jason Lawton (Doc. 35) (collectively, the "moving Defendants").

On September 10, 2021, Plaintiff opposed Defendant Lawton's motion to dismiss. While Plaintiff makes arguments in her opposition that may be construed as applicable to each moving Defendant, she only requests that the court deny Defendant Lawton's motion to dismiss. (Doc. 36 at 3) ("Plaintiff requests that Defendant Lawton's Motion to Dismiss be D[enied]"). On September 21, 2021, Defendant Lawton filed a reply, at which time the court took his pending motion under advisement. On September 24, 2021, Defendants City of St. Albans, Gary Taylor, and Zachary Koch filed a reply to Plaintiff's opposition to Defendant Lawton's motion to dismiss to the extent "it may be construed as also [being] directed at their motion" and requested dismissal pursuant to Fed. R. Civ. P. 41(b). (Doc. 38 at 1.)

Plaintiff is represented by Albert S. Fox, Esq. and Evan B. Chadwick, Esq. Defendant Jason Lawton is represented by Kaveh S. Shahi, Esq. Defendants City of St. Albans, Gary Taylor, and Zachary Koch are represented by Michael J. Leddy, Esq. Defendant Michael Ferguson is represented by Brian P. Monaghan, Esq.

## I. Procedural Background.

On May 4, 2020, Plaintiff filed her Complaint. On September 29, 2020, Defendant Ferguson filed his answer. In a November 3, 2020 email exchange contemplating mediation, counsel for Defendants City of St. Albans, Gary Taylor, and Zachary Koch stated to Plaintiff's counsel, in relevant part, "[n]one of my clients are in the case. But getting something filed with [Defendant] Ferguson to let the Court know that the parties are attempting to resolve it early makes sense." (Doc. 38-1 at 1.) On November 11, 2020, a stipulated motion to stay the proceedings was filed by Defendant Ferguson, with agreement from Plaintiff, which the court granted on November 12, 2020. It did not reflect agreement to a stay from any of the moving Defendants.

An unsuccessful mediation occurred in January 2021, during which counsel representing each Defendant was in attendance. A mediation statement submitted in advance of this session set forth: "[Defendants City of St. Albans, Gary Taylor, and Zachary Koch] have not been served with process and are not formally joined in the case . . . . If the[y] are formally joined in the litigation, they expect to defend the case on several legal and factual bases." (Doc. 38 at 5) (emphasis omitted).

Plaintiff and Defendant Ferguson filed a stipulated discovery and pleading schedule/order on February 10, 2021, which did not reflect agreement from any of the moving Defendants. From February through May of 2021, Plaintiff and Defendant Ferguson exchanged discovery. On June 22, 2021, Defendant Ferguson filed a motion for summary judgment, which is currently pending before the court. The moving Defendants did not participate in this discovery and were not served with case filings.

Plaintiff states that she "discovered that the waiver[s] of service for the [moving Defendants] had not been filed" on July 19, 2021. (Doc. 36 at 2.) That same day, Plaintiff's counsel emailed Defendant Lawton's counsel a "proposed waiver of service" which he stated had "slipped through the cracks[.]" (Doc. 35-1 at 1.) On July 30, 2021, a stipulation regarding acceptance of service was filed by Plaintiff and the moving Defendants and was accepted by the court. The stipulation stated, in relevant part, as follows:

> Plaintiff intends to have defendants Lawton, Taylor, City of St. Albans and Koch personally served with the complaint and summons. In lieu of plaintiff incurring the expense of personal service, counsel for defendants have agreed to accept service by email.

(Doc. 29 at 1.) The stipulation acknowledged that "[t]he parties understand there is an issue regarding timely service under Fed. R. Civ. P. []4(m)." *Id.* It further stated that "acceptance of the complaint and summons by defense counsel is not a waiver of the 90-day service required under Rule 4(m). Defendant[s] may raise late service by way of an affirmative defense or motion, and plaintiff may seek relief from the Court as appropriate." *Id.* Notices of appearance were entered by counsel for each of the moving Defendants that day.

3

On September 10, 2021, the pending motions to dismiss for insufficient process and insufficient service of process were filed by the moving Defendants. After the pending motions were filed, Plaintiff emailed the moving Defendants' counsel with a copy of her Complaint. She did not include a summons.

## II.     Conclusions of Law and Analysis.

### A.     Standard of Review

"[Fed. R. Civ. P.] Rule 12(b)(4) authorizes dismissal for insufficient process, while Rule 12(b)(5) allows a court to dismiss an action for insufficient service of process." *Trombetta v. Novocin*, 2020 WL 7053301, at *2 (S.D.N.Y. Nov. 24, 2020). "'[T]he plaintiff bears the burden of establishing that service was sufficient[.]'" *Id.* (citing *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010)) (first alteration in original). "In deciding a Rule 12(b)(5) motion, a [c]ourt must look to Rule 4, which governs the content, issuance, and service of a summons." *Felton v. Monroe Cmty. Coll.*, 2021 WL 1132411, at *4 (W.D.N.Y. Mar. 24, 2021) (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010)) (internal quotation marks omitted).

Under Fed. R. Civ. P. 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

"Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Tung v. Hemmings*, 2021 WL 4147419, at *5 (S.D.N.Y. Sept. 13, 2021) (internal quotation marks and citations omitted) (alteration in original); *see also Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 401 (S.D.N.Y. 2020). The "diligence of the plaintiff's efforts to effect proper service" is an "important consideration" in the good cause analysis. *Alvarado v. Am. Freightways, Inc.*, 2005 WL 1467893, at *5

4

(S.D.N.Y. June 21, 2005) (citation omitted). "An attorney's inadvertence, neglect, or mistake is not good cause." *Kogan*, 334 F.R.D. at 402 (citation omitted).

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original). A plaintiff "must ordinarily advance some colorable excuse for neglect." *Id.* at 198. "In determining whether a discretionary extension is appropriate in the absence of good cause, courts in th[e Second] Circuit generally consider four factors:

> (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service.

*Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y 2013) (citing *DeLuca*, 695 F. Supp. 2d at 66) (internal quotation marks omitted) (alterations in original).

### B. Whether Plaintiff's Complaint Should be Dismissed for Insufficient Process and Insufficient Service of Process.

The moving Defendants assert that Plaintiff failed to serve them for over sixteen months after initiating this action. In that same time period, Plaintiff and Defendant Ferguson exchanged discovery and Defendant Ferguson filed a motion for summary judgment. The moving Defendants "did not participate in any of this case activity and were not served with any of these filings." (Doc. 34 at 2.) Because the case has progressed in their absence, they assert that dismissal of Plaintiff's Complaint against them is warranted.

Plaintiff contends that her counsel corresponded with a St. Albans City Manager, Dominic Cloud, on April 29, 2020. In the email to Mr. Cloud, Plaintiff's counsel stated in relevant part:

> I am in the process of filing a complaint on behalf my client Amy Connelly against the city of St. Albans and several individuals in the police department in the United States District Court for the District of Vermont. Federal Rules mandate that I send you a Waiver of Service and Summons along with the copy of the complaint to the parties. So I have a couple questions, first are you still the point person on this or should I contact a lawyer who is representing the city. Secondly if you are the point person,

5

> would you like the documents over email, hard copy or both. The rules do require me to provide you with a stamped envelope to return the waiver of service in, but if you are ok foregoing this. I will just send everything electronically.

(Doc 36-2 at 1.) Mr. Cloud responded that materials could be sent electronically, and Plaintiff's counsel sent a waiver of service form in addition to a copy of the Complaint to him that day. Plaintiff asserts that "Defendant Lawton for the first time is now claiming that he has not received a copy of the complaint despite Dominic Cloud, a proper agent for the City, receiving the complaint and a proposed waiver of service after he had authorized Attorney Fox to send it electronically on April 2[9], 2020[.]" (Doc. 36 at 3.)

Plaintiff's counsel's exchange with Mr. Cloud occurred on April 29, 2020, the week *before* she commenced this lawsuit on May 4, 2020. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). It is therefore unclear whether the Complaint distributed to Mr. Cloud was the final version filed with this court. In addition, a summons would not have been issued days before the Complaint was filed. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal."). To the extent her opposition can be construed as asserting that transmittal by email of a complaint without a summons together with a waiver of service constitutes service of process, that argument is unavailing. "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1); *see also Kogan*, 334 F.R.D. at 400 (collecting cases where complaint was dismissed after a finding that the waiver of service form was never filed with the court).

The parties' July 30, 2021 stipulation put Plaintiff on notice that service of process was both incomplete and untimely because it states "[t]he parties understand there is an issue regarding timely service under Fed. R. Civ. P. []4(m)." (Doc. 29 at 1.) After the moving Defendants indicated they would accept service via email, Plaintiff failed to take any action until after their motions to dismiss were filed on September 10, 2021. Because

6

she did not provide the moving Defendants with a copy of the summons, she still has not properly served the Complaint. *See Fowler v. City of New York*, 2015 WL 9462097, at *6 (E.D.N.Y. Dec. 23, 2015) ("[U]nlike the plaintiff in *Zapata*, who served the individual defendants only four days after the Rule 4(m) deadline, here plaintiff's counsel *never* properly served any of the individual defendants. Even now, plaintiff's counsel mistakenly insists that 'five of the six individual defendants were served in this case,' despite no summons ever issuing from the Clerk of Court and being served on any defendant.") (citation omitted).

Because the relevant statutes of limitations have not expired for Plaintiff's Section 1983 and state law tort claims, the first factor the court must consider weighs in favor of dismissal as Plaintiff will not lose the ability to bring her claims if dismissal is granted. *See McGee v. Pallito*, 2011 WL 7657585, at *2 (D. Vt. Dec. 20, 2011) (finding that "[t]he applicable limitations period for Section 1983 actions in this Court is three years" based on 12 V.S.A. § 512(4), which establishes a three-year limitations period for personal injury actions).

With regard to the second factor, actual notice, because the moving Defendants had notice of the instant action, the second factor weighs against dismissal. *See Chandler v. Fontaine*, 2008 WL 4642251, at *2 (D. Vt. Oct. 15, 2008) (concluding defendants had not demonstrated prejudice in case with a *pro se* plaintiff when they had "actual notice of the lawsuit, . . . retained counsel, and once served [would] be able to participate in all aspects of the case").

The third factor "is inapplicable and thus does not favor granting plaintiff an extension" as "[t]here is no evidence that the [moving] defendants knew about and attempted to conceal the defects in service." *Fowler*, 2015 WL 9462097, at *7. To the contrary, the moving Defendants notified Plaintiff on multiple occasions of her failure to accomplish service.

The final factor, prejudice, generally favors dismissal although there are competing considerations. It will be burdensome to require Plaintiff to refile her claims against the moving Defendants in a separate lawsuit. Plaintiff will thus suffer prejudice

for her failure to timely accomplish service. On the other hand, this case has progressed through discovery to summary judgment without the moving Defendants and they should not "be thrust into the midst of a suit that has already proceeded for some time." *Klinker v. Furdiga*, 2013 WL 1705106, at *4 (D. Vt. Apr. 19, 2013) (citations omitted). The moving Defendants will thus suffer prejudice if dismissal is not granted. *Cf. McGee*, 2011 WL 7657585, at *2 (concluding prejudice to defendant was minimal when the "case [was] still in the earliest stages, . . . [n]o answers ha[d] been filed, and there ha[d] been no discovery"). Moreover, "[a] lack of prejudice [to Defendants] . . . is not itself an excuse for failure to serve on time." *Kogan*, 334 F.R.D. at 403. This is especially true where, as here, Plaintiff "completely disregarded Rule 4(m)." *Id.* at 402 (internal quotation marks and citations omitted). "Having failed to demonstrate any attempt to discharge [her] service duties, [Plaintiff] has no charter to ask the [c]ourt to inquire into the extent of prejudice to h[er] adversaries." *Id.* at 403 (citation omitted).

Finally, Plaintiff has never adequately explained her failure to serve the moving Defendants, nor has she moved for an extension of time to accomplish service. *See Zapata*, 502 F.3d at 199 ("[Plaintiff] made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay."). Any mistaken belief that the communications between Mr. Cloud and her counsel constituted proper service will not suffice. *See Fowler*, 2015 WL 9462097, at *5 ("A mistaken belief that service was proper is not good cause under Rule 4(m)") (internal quotation marks and citations omitted).

In this case, dismissal is appropriate because Plaintiff failed to serve the moving Defendants for over sixteen months despite entering into a stipulation stating she would do so and she has neither established good cause or exceptional circumstances. *See Arndt v. Napolitano*, 495 F. App'x 178, 180-81 (2d Cir. 2012) (affirming dismissal when plaintiff was informed several times over the course of four months that a defendant had not been served, but plaintiff waited another eight months before moving for an extension of time, which was twenty-two months after plaintiff filed suit); *Madden v. Town of New Haven*, 2008 WL 2483295, at *3 (D. Vt. June 17, 2008) (concluding dismissal was

appropriate where plaintiff "was aware of a potential defect in service early on, but made no effort to remedy the defect").

For the reasons stated above, the moving Defendants' motions to dismiss Plaintiff's Complaint for insufficient process and insufficient service of process are GRANTED.

## CONCLUSION

For the foregoing reasons, the court GRANTS the moving Defendants' motions to dismiss (Docs. 34 & 35) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint against the moving Defendants.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of December, 2021.

Christina Reiss, District Judge
United States District Court